IN THE DISTRICT COURT OF THE UNITED STATES

DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No.:  4:22CR00316-JD(1) |
| | ) | |
| | ) | |
| vs. | ) | **MOTION FOR PSYCHIATRIC** |
| | ) | **EXAMINATION AND MOTION FOR** |
| | ) | **ORDER TO EXPEDITE TRANSPORT** |
| **ABDULRAHAM AHMED AL AQLAN,** | ) | **FOR EVALUATION AND TO STAY** |
| | ) | **MOVEMENT FROM FACILITY** |
| Defendant. | ) | **CONDUCTING EVALUATION** |
| _____ | ) | |

Now comes the Defendant, **ABDULRAHAM AHMED AL AQLAN**, by and through undersigned counsel, who respectfully moves for a third psychiatric examination and an order to immediately transport Defendant for an expedited evaluation.  Further, Defendant moves for an order keeping him at the facility where the evaluation occurs until further order of the Court.

## **PROCEDURAL HISTORY**

Defendant has been charged with a violation of Title 49, United States Code, §§ 46314(a) and (b)(2).

On March 24, 2022, Defendant made an initial appearance on a criminal complaint. ECF 6.  At the time of the initial appearance, the interpreter read the complaint into the record. Defendant indicated to the Court that he understood the charges, waived his right to a preliminary hearing and reserved his right to a detention hearing at a later date.[1]

_____

[1] Defendant does not speak English.  Communications with Defendant in all court proceedings and meetings with counsel have been conducted with the assistance of an Arabic interpreter.  Attempts to communicate with Defendant at each facility where Defendant has been transferred during his time of detention have been difficult because not all facilities have or have access to an Arabic speaking interpreter.  None of the county jail facilities have an Arabic speaking interpreter on campus or available.

On April 19, 2022, Defendant was indicted.

On April 26, 2022, counsel for Defendant filed a motion for a status conference.

On May 2, 2022, a status conference was held, and Defendant was arraigned on the indictment. Defendant refused to speak or respond to the Court regarding the status of his case or the indictment. ECF 28.

On that same date, a Pretrial Conference was held. Defendant refused to speak or respond to the Court. ECF 31.

On May 13, 2022, the undersigned filed a Motion for Psychiatric Exam. ECF 33. On May 25, 2022, the Court issued an order for a Psychiatric Examination under the provisions of Title 18, United States Code, §§ 4241 and 4242 to determine Defendant's competency to assist in his own defense and his mental state at the time of the offense.   ECF 34.

On August 22, 2022, the Court received the Psychiatric Report with findings and opinions of the evaluator as set forth in the report.  ECF 38.

On September 9, 2022, following the issuance of the Psychiatric Report, defense counsel filed a consent motion for medical treatment as set forth in 18 United States Code §§ 4241(d) and 4247(a)(2). The Court issued an Order granting the relief requested on September 12, 2022. ECFs 38, 39 and 40.[2]

On October 12, 2023, the Court was provided with the second Psychiatric Report. ECF 43.

The Defendant has been in custody for this offense beginning March 23, 2022.   According to the United States Marshal Service, from the date Defendant was taken into custody, he has been transported to the following facilities for the following periods of time:

---

[2] The four (4) month time period was ordered to commence on the date when the Defendant actually was in the custody of the facility at which he would be evaluated.

| Date | Facility |
|------|----------|
| March 24, 2022 | Transported from J Reuben Long Detention Center ("JRLDC"), Conway, SC, to United States District Court |
| March 24, 2022 | Transported from United States District Court to Florence County Detention Center ("FCDC")<br>Florence, South Carolina |
| April 19, 2022 | Transported from FCDC to JRLDC |
| June 3, 2022 | Transported from JRLDC to Irwin County Detention Center ("IC")<br>Ocilla, Georgia |
| June 8, 2022 | Transported from IC USP Atlanta<br>Atlanta, Georgia |
| June 14, 2022 | Transported from USP Atlanta to Federal Bureau of Prisons, Federal Medical Center ("Butner")<br>Butner, North Carolina |
| August 8, 2022 | Transported from Butner to USP Atlanta |
| August 11, 2022 | Transported from USP Atlanta to IC |
| August 19, 2022 | Transported from USP Atlanta to JRLDC |
| September 23, 2022 | Transported from JRLDC to IC |
| May 10, 2023 | Transported from JRLDC to IC |
| May 10, 2023 | Transported from IC to USP Atlanta |
| June 6, 2023 | USP Atlanta to Butner |
| October 16, 2023 | Transported from Butner to USP Atlanta |
| October 18, 2023 | Transported from Atlanta USP to IC |
| October 20, 2023 | Transported from IC to Marlboro County Detention Center<br>Bennettsville, South Carolina |

3

Delays have caused issues to arise in moving this case forward. Delays due to coordinating transportation are to be expected.  However, some delays are of concern in reaching a resolution in this case.  For example, the most notable delay in Defendant's transport period was from **May 23, 2022**, until **September 2023**.  During this time period, there was a waiting list for bed space at Butner.  This may very well be the current situation that the Defendant faces again.  *See generally* United States v. Donnelly, 41 F.4[th] 1102 (9th Circuit 2022).

Another basis for the requests set forth herein are the interruptions in the administration of prescribed medications during the movement process from one facility to another.  On some occasions, the medications do not travel with Defendant.[3] Although some of the holding periods are brief, joined together, in conjunction with the interruption of Defendant receiving his prescribed medications creates a cycle that is impossible to address without the assistance of the Court through this motion.

Defendant has been in federal custody for over 711 days.[4]  Delays, issues with communication due to a language barrier, continuity of care and medication continue be problematic.

Based upon the foregoing, counsel respectfully requests that the Court order a psychological evaluation as set forth in the first order for evaluation. ECF 34.  Further, counsel requests Defendant be transported forthwith directly to Butner and that be kept at Butner until further order of the Court.

*{signature page to follow}*

---

[3] For example, no medications were received by the Marlboro County Detention where Defendant is currently detained.  With the assistance of the US Marshal Service, the medications were received from the prescribing physician at Butner.  However, the administration of the medications have been sporadic with the most recent interruption due to Defendant's decision to refrain from taking further medication.

[4] Counsel has consulted with the Government and the parties anticipate a guideline range of 18 to 24 months if Defendant is deemed competent and elects to a plead guilty.  Should Defendant be deemed competent and seek a trial, the guideline range is 27 to 33 months.

Respectfully submitted,

/s/ KATHY P. ELMORE,
Assistant Federal Public Defender
c/o McMillan Federal Building
401 W. Evans Street, Suite 105
Florence, South Carolina 29501
Telephone: (843) 662-1510
**Attorney ID #6593**

Florence, South Carolina

March 5, 2024